# WHEELING.

### FLEMING *v.* COMMISSIONERS.

Submitted June 17, 1889.—Decided June 28, 1889.

CERTIORARI.

A petition for a writ of *certiorari* to bring to the Circuit Court for review proceedings of the commissioners of a County Court in the canvass of the returns of an election filed by a candidate, which fails to show, that he was prejudiced by the errors complained of, is not sufficient to justify the award of such writ, and will be held bad without demurrer at the hearing; and a judgment of a Circuit Court reversing the action of the commissioners upon a *certiorari* based on such petition will be reversed here with costs in this Court against the party who filed such petition.

*J. W. St. Clair, Brown & Jackson* and *O. Johnson* for plaintiff in error.

*A. Burlew, J. A. Hutchinson* and *W. P. Hubbard* for defendants in error.

BRANNON, JUDGE:

A. B. Fleming filed a petition in the Circuit Court of Kanawha county alleging, that at the election, November 6, 1888, he was a candidate for governor and received a large number of votes in every county in the State, and that Nathan Goff was candidate also and received a large number of votes in every county in the State; that it appeared from the returns of the election, as certified by the commissioners of the County Courts of the several counties, that for said office said Fleming received ——— votes, and said Goff ——— votes, and that the total number received by all other candidates did not exceed 10,000 for said office; that the vote for said Fleming and Goff respectively, as shown on the poll-books of the different precincts in Kanawha county, was as follows: For said Fleming ——— votes, and for said Goff ——— votes; that when the commissioners met on the 12th of November, 1888, to ascertain the result in the county of Kanawha, said Fleming demanded a re-count of the ballots, which was made, and its result was as follows: For said Fleming ——— votes, for said Goff ——— votes; that the commissioners refused to accept the result of the re-count, but declared and decided, that in ascertaining the result they would accept the result of the re-count of all the precincts except five, which were named, and as to three of those they would accept the returns as originally certified and reject all the ballots cast at two of them, and they ascertained the result accordingly,—that is, for said Fleming ——— votes, for said Goff ——— votes. The petition further alleged, that at each of the five precincts, where the result on the re-count was rejected, the vote on the original return was for Fleming ——— votes, for Goff ——— votes, and on the re-count for Fleming ——— votes, for Goff ——— votes, not giving the vote at any precinct either on the original return or on the re-count. It alleged divers errors on the part of the commissioners in refusing Fleming leave to cross-examine witnesses, or to introduce witnesses as to the conduct of the election. It alleged, that said Fleming moved the commissioners to ascertain the result by the re-count except at two of those five precincts, and to reject them entirely, which they refused to do; and

that Fleming moved, that, if those two precincts be counted, they be counted according to the re-count, but they refused to do so; that he moved then to adopt the re-count at three of these precincts, which they refused; that said Fleming excepted to these rulings and actions, and that the commissioners made a record of their proceedings and signed a bill of exceptions. The petition alleged, that said Fleming was aggrieved by the errors and arbitrary and erroneous rulings of said commissioners and prayed a writ of *certiorari* to correct such errors and do justice to him in the matter.

A writ of *certiorari* was awarded, and on the 8th of April, 1889, the Circuit Court entered a judgment reversing the decisions and determinations complained of in said petition. Fleming then moved the court to retain the cause for further proceedings; but the court refused to do so. The judgment further directed the commissioners to again meet and perform the duty of canvassing the returns for governor, directing them to allow cross-examination of witnesses and to introduce evidence.

Fleming took this writ of error and assigns as error, that the Circuit Court of Kanawha did not retain and hear and determine the cause, but remanded the cause to an inferior tribunal, which was *functus officio*. The record before us contains no such bill of exceptions or commissioners' record, as the petition asserts to have been made.

The matters sought to be presented in this case are similar in nature to those involved in the case of *Alderson* v. *Commissioners, supra*, p. 454 (9 S. E. Rep. 863) and, if the petition and record were not so defective, the principles announced in the opinion, and the judgment rendered in that case, would apply in this cause. The petition, on which the *certiorari* was awarded, is so defective, that no writ of *certiorari* or judgment thereon could properly have been awarded or rendered. A pleading must show, that the party has a right, and that such right has been violated so as to call for redress. It must show a cause of action. It must show, just what right the plaintiff has, and just how and wherein it has been violated. A petition for a writ of *certiorari* must show a right in the petitioner, and that he is injured by the action complained of, and wherein

the inferior tribunal has erred to the prejudice of that right. It will not be enough to say generally a party has been aggrieved. The petition must state how, wherein. This petition does not state, that petitioner received any particular number of votes, or that Goff received any particular number of votes in State, county of Kanawha or any precinct therein, or that petitioner's election was defeated or prejudiced by the erroneous action ; nor does it state, how many votes the petitioner or other candidates received by the original returns or the re-count in Kanawha county or in any single precinct in it, nor whether he was injured by the adoption of the result on the re-count at those precincts, where that result was adopted, or by the adoption of the original returns from those precincts, where such returns were adopted, or by rejecting or excluding precincts, the vote of which was rejected or excluded. Probably no attention was called to this defect in the Circuit Court, but it is here cross-assigned as error by the defence. We must for this cause reverse and remand the case to the Circuit Court, with leave to plaintiff to amend his petition within a reasonable time, and, if not so amended, the Circuit Court must dismiss it; and as the cause of reversal is the defect of the petition, and is for the fault of plaintiff in error, he must be subjected to the costs in this Court. *Gaylords* v. *Kelshaw*, 1 Wall. 81.

REVERSED—REMANDED.