# CHARLESTON.

## DANCER *v.* TOWN OF MANNINGTON.

Submitted June 10, 1901.  Decided November 30, 1901.

1. COMMON COUNCIL—*Taxation—Abutting Lands.*

    Under the provisions of section 34, chapter 47, Code, as amended by chapter 14, Acts 1895, the common council of a city, town or village can only assess against the abutting property, the two-thirds of the cost of paving a street, between such cross streets or between a cross street and alley as is petitioned for by the owners of the greater amount of frontage on both sides of the street to be paved between any particular cross streets or between a cross street and alley.  (p. 326).

2. TOWN—*Street Paving—Cost.*

    If such council proceed to pave such street between other cross streets or between cross streets and alleys for the paving of which the persons owning the greater amount of frontage on both sides of said street between such cross streets or between such cross streets and alleys have not petitioned, such paving must be wholly at the cost of the corporation.  (p. 327).

3. MUNICIPAL CORPORATION—*Powers Delegated.*

    The fact that the exercise of municipal powers of discretion cannot be delegated does not prevent a corporation from appointing committees and investing them with duties of a ministerial or administrative character.  (p. 327).

4. STATUTE HELD CONSTITUTIONAL.

    Section 34, chapter 47, Code, as amended by chapter 14, Acts 1895, is constitutional and valid.  (p. 328).

Appeal from Circuit Court, Marion County.

Action by the town of Mannington against W. S. Dancer.  Decree for complainant, and defendant appeals.

*Reversed.*

W. S. HAYMOND, for appellant.

W. S. MEREDITH and CHARLES E. HAWKER, for appellee.

McWHORTER, JUDGE:

This is a suit to subject the real estate of William S. Dancer, abutting on Clarksburg street in the town of Mannington in the county of Marion, for one-third of the cost of paving the same, situated between High street and Howard street, crossing

the said Clarksburg street, consisting of two hundred and eight and eighty-five one-hundreds feet frontage on said Clarksburg street, being more than one-half the frontage between said cross streets on both sides of said Clarksburg street. The common council of said town being desirous of paving said Clarksburg street between the Buffalo bridge and said town and the south-west corporate limits thereof together with portions of other streets named.

On the 16th of May, 1898, the said council passed an ordinance under the provisions of sections 28, 34 and 36, of chapter 47, Code, providing for the pavement thereof. Said ordinance recited that the persons owning the greater amount of frontage of the lots abutting on both sides of the streets named had filed their petition in writing with the common council, under and in pursuance of the 34 and 36 sections of chapter 47 of the Code, as amended by chapter 14 of the Acts of the Legislature of 1895, requesting the common council of said town to pave said street and parts of streets the expenses thereof to be paid for in accordance with said sections 34 and 36 as so amended. The owners of the property on the opposite side of the said Clarksburg street from defendant, between the cross streets High and Howard, signed the petition for paving the streets, the combined frontage of the said owners between said cross streets aggregating only one hundred and ninety-five and twenty-hundredths feet. The paving of said street was completed and the said Dancer charged with one hundred and ninety-five dollars and sixty-eight cents, being the one-third of the paving between said cross streets. Refusing to pay the same this suit was instituted to enforce the collection of said assessment out of the said Dancer's property fronting on said Clarksburg street.

Defendant filed his answer to the bill denying the filing of said petition of the persons owning the greater amount of frontage on said street between the points designated in said ordinance for paving and denying that the cost of the paving of said part of said street was the sum of one dollar and twenty-seven cents per square yard of surface paving or that an assessment was made under plaintiff's supervision of two-thirds of the cost of paving against the owners of lots or fractional parts of lots abutting on said part of said street in proportion to the distance such lot or part of a lot abuts on said street or that defendant's lot described in the bill abuts on said street within said town a

distance of two hundred and eight and eighty-five one-hundredths feet, or that in making the assessment alleged in the bill to have been made the basis was that which was prescribed by said act to-wit: "The cost of paving that part of the street or alley on which the property lies included between the adjoining cross streets or alleys."

Depositions were taken in the cause and the cause submitted on the 15th day of March, 1900, when the court ascertained from the evidence that thirty-three feet front of defendant's property was without the corporation limits of said town and rendered a decree for one hundred and seventy-seven dollars and ninety-three cents ascertained to be the amount due from defendant for his one-third part of the paving of said street in front of his property within the corporation, from which decree the plaintiff appealed and assigned as error that the record fails to show that the petition required by section 34 of chapter 47, Code of 1899, was ever presented to the common council of said town and that the record does not show that the persons owning the greatest amount of frontage of the lots abutting on both sides of said Clarksburg street between said bridge and the corporation limits signed said petition in writing as required by section 34; that the record does not show that the common council by a lawful majority thereof ordered any part of said Clarksburg street to be paved between any two cross streets thereof or between any cross street and alley thereof; that said record does not show that said common council passed any order or ordinance assessing to the owners of the lots or fractional parts of lots abutting on that part of Clarksburg street so paved including the lot of petitioner in proportion to the distance such lot or part of a lot abutted on such street, two-thirds of the cost of such paving required by said section 34; that the said act of the said legislature of 1895 under which the common council of said town proceeded is contrary to the provision of section 1, article XIV of the amendments of the Constitution of the United States and contrary to the provisions of sections 9 and 10 of article III of the Constitution of West Virginia, and is therefore null and void.

Under section 28 of chapter 47, Code, the general powers and duties of the common council of a city, town or village are prescribed, a part of which are as follows: "The council of such city, town or village shall have power therein to lay off, vacate, close, open, alter, curb, pave, and keep in good repair roads,

streets, alleys, sidewalks, cross-walks, drains, and gutters for the use of the public, or any of the citizens thereof, and to improve and light the same, and have them kept free from obstructions on or over them; to regulate the width of sidewalks on the streets, and to order the sidewalks, footways, crosswalks. drains, and gutters to be curbed and paved and kept in good order, free and clean, by the owners or occupants thereof, or of the real property next adjacent thereto." Under the powers here granted the common council can pave any street or alley within its jurisdiction that it may deem expedient or proper to pave. The amendment to section 34 of chapter 47, under which the council in this case proceeded, was passed by the legislature in 1895 and while it has the authority under the general powers given the council to pave any street from one designated point to another passing over cross streets and alleys, the petition for paving of such streets in order to charge the owners of abutting property thereon between any two cross streets or between a cross street and an alley the petition presented for paving said street must be signed by the owners of a greater amount of frontage on the street proposed to be paved between any two cross streets or between a cross street and alley.

It is contended by appellant that it is necessary to have separate action by the council on each block or section of the street proposed to be paved, between any two cross streets or between a cross street and alley. This is unnecessary because under its general powers the council has a right to pave any and all streets within the corporation under the provisions of chapter 47, Code, and whenever the persons owning the greater amount of frontage of the lots abutting on both sides of the street to be paved, between any two cross streets or between a cross street and alley, the council can complete the work and charge the abutting owners on such part or fraction of the street, with the two-thirds of the cost of such paving, and although part of the owners of frontage on a long line of street petition for its pavement over many cross streets and alleys, yet the council although they pave the whole street can only charge the abutting property between such cross streets or between a cross street and alley as is petitioned for by the owners of the greater amount of frontage between any particular cross streets or between a cross street and alley, all other parties not so petitioned for if paved must be paid for by the town. Dill, on

Munic. Corp. s. 763 : "It is important to bear in mind that the authorities to municipalities to impose burdens of any character upon persons or property is wholly statutory, and as its exercise may result in a divestation and transfer of property, it must be clearly given and strictly pursued." It is contended by appellant that it does not appear from the record that the ordinance to do the paving was passed by a lawful majority of the council. The record shows that the "ordinance presented and read on May 2d was read a second time, and, on motion of J. T. Koen, the rules were suspended by a unanimous vote, and the ordinance was passed," then follows the ordinance. It is true the proceedings do not show in terms by what majority the ordinance passed, but it is clear that when the council by unanimous vote decided to suspend the rules for the purpose of taking up and acting on the ordinance and the record shows that it was at once passed, there was no opposition to the ordinance.

It is claimed that no assessment was made by the common council of the town upon the property holders or any of them for the payment of the respective amounts to be recovered; that the council could not and did not delegate authority to the Street committee or any of them to make such assessment; that the making of said assessment is in effect a power of taxation and can only be exercised by the council.

After the adoption of the ordinance to do the paving the statute, section 34, provides that "two-thirds of the cost of such paving shall be assessed to the owners of the lots or fractional parts of lots abutting on that part of the street or alley, so paved in proportion to the distance such lot or part of a lot abuts on such street or alley, and the remaining one-third of the cost of such paving shall be paid by the city, town or village. In making such assessments the basis shall be the cost of paving that part of the street or alley on which the property lies included between the adjoining cross streets or alleys; and the amounts assessed against the owners of each lot or fractional part of a lot shall be in the proportion which the frontage of such lot or part of a lot bears to the whole cost of paving said street or alley between said cross streets or alleys as aforesaid."

After the paving is completed it is only a question of measurement and calculation to ascertain the amount to be assessed and it is competent for the Street Committee or another com-

mittee appointed by the council for the purpose, to measure and ascertain and report to the council the amount in each case, which was done in case at bar and the same accepted and adopted by council, and placed in the hands of the town Sergeant for collection. There is no delegation of power to assess in this act, it is merely appointing a committee to ascertain and report facts without the exercise of powers or discretion. The statute itself fixes the basis of assessment and makes the amount ascertained by the measurement, a lien on the abutting property, it is not made so by being declared a lien by the council as claimed by appellant. The authorities cited by appellant, *Whyte* v. *Mayor*, 2 Swan (Tenn). 364; *Murray* v. *Tucker*, 10 Bush. (Ky.) 240, do not apply here.

In *Whyte* v. *Mayor*, it was very properly held that the corporation of Nashville had no power to delegate to any one or more members of the board of aldermen, authority to give notice, to such citizens as they might select to construct footpavements in front of their lots and in the event of their failure to make such pavements within the time fixed by a by-law of the corporation, to have them made at the expense of the lot owner, which was a power conferred upon the corporation which could not be delegated; and in the case of *Murray* v. *Tucker* it was held that "the city of Louisville alone has the power under its charter to determine the necessity for street improvements therein, and the exercise of this power cannot be delegated." Appellant on this point also cites 1 Dill. on Munic. Corp. s. 96, which is to the same effect as the authorities just cited and yet we find in that same section 96, "But the principle that the exercise of municipal powers of discretion cannot be delegated does not prevent a corporation from appointing agents and empowering them to make contracts, or from appointing committees and investing them with duties of a ministerial or administrative character." Appellant claims that said act of 1895 amending section 34, chapter 47, Code, is in violation of section 1 of the 14th amendment to the Constitution of the United States, and of sections 9 and 10 of the Constitution of this State. This question has been passed on by this Court. In *Wilson* v. *Town of Philippi*, 39 W. Va. 75, section 34, chapter 47, Code, as it then stood (1894), was "*Held*, not repugnant to the constitution." In 1895 the legislature passed an act amending said section 34 so as to provide for the pavement of streets and providing for charging two-thirds of

the cost thereof upon the abutting property as we have herein-before stated. At its session of 1889 the legislature amended the charter of the city of Parkersburg, see chapter 13, Acts 1889, and so amended section 31 of said charter as to contain all the material provisions now contained in section 34, chapter 47, Code, as amended, and went further by providing that "without a petition therefor, by a majority of not less than three-fourths of all the members constituting said body, (the council) shall be authorized to order such part of any street or alley to be paved between the sidewalks," etc., and to charge two-thirds of the cost of the paving and the cost of sewerage to the abutting own-ers. In the case of *Parkersburg* v. *Taverner,* 42 W. Va. 486, this act was held constitutional and valid, and it is said in the opin-ion: "The Virginia court of appeals has fully sustained the con-stitutionality of local assessment statutes," and cites *City of Norfolk* v. *Ellis,* 26 Grat. 224; *Langhorne* v. *Robinson,* 20 Grat. 661; *Sands* v. *City of Richmond,* 31 Grat. 571; *Davis* v. *City of Lynchburg,* 84 Va. 861, (6 S. E. 230) ; *Railroad Co.* v. *City of Lynchburg,* 81 Va. 473. Section 34, chapter 47, Code 1899, is not repugnant to the constitution of this State nor to the 14th amendment to the Constitution of the United States. The per-sons owning the greater amount of frontage of the lots abutting on both sides of Clarksburg street between the cross streets called High and Howard, not having petitioned in writing for the pav-ing of said street as provided in section 34, chapter 47, Code, the one-third of the cost of paving said Clarksburg street between said two cross streets not being legally assessed against the prop-erty of the defendant, the decree complained of is reversed and the bill dismissed.

*Reversed.*