# CHARLESTON.

DAVIS COLLIERY CO. et als. v. TOWN OF HARDING et als.

Submitted March 4, 1919.    Decided March 11, 1919.

MUNICIPAL CORPORATIONS—*Vacation or Obstruction of Street—Injunctive Relief—Damages.*

To entitle a property owner to injunctive relief against the vacation or obstruction of a public street or road by public authority, his property must abut on that part of the road so vacated or obstructed, or he must show that he will thereby suffer special or peculiar damage or inconvenience not common to all.

Bill for injunction by the Davis Colliery Company and others against the Town of Harding and others. From a decree dissolving preliminary injunction and dismissing bill, plaintiffs appeal.

*Affirmed.*

*Samuel T. Spears* and *W. E. Baker,* for appellants.

MILLER, PRESIDENT:

The decree appealed from dissolved the preliminary injunction and dismissed the bill, and plaintiffs have appealed.

The bill asking no other relief sought to perpetually enjoin the defendants, the town of Harding, a municipal corporation, and its mayor and common council, and Otho O. Hayes, from obstructing a part of one of the public streets, once a part of one of the county roads of Randolph county, and to compel them and each of them to remove obstructions already placed in said road, and there was also a prayer for general relief.

Plaintiffs do not claim to be owners of any of the tracts or lots of land abutting on that part of the road alleged to have been obstructed, but they do allege and prove that they are each owner of a lot or tract abutting on other parts of the road so obstructed or on another street reached thereby, and are entitled to the free and unobstructed use thereof in traveling to and from their respective properties.

The bill alleges that defendants seek to justify their interference with the rights of plaintiffs by an ordinance of the

common council of said town, passed on April 14, 1916, whereby it was ordered that part of the road in question, further described as "leading across lots of Tony Leber and O. Hayes" should be closed up "on account of the same being declared a nuisance."

It is conceded that section 28 of chapter 47 of the Code, gives the town council of said town "plenary power and authority therein to vacate, close, open, alter, and keep in good repair roads, streets, alleys, sidewalks, * * * for the use of the public," and that the action of the town council was had pursuant to this provision of the law. But the claim of counsel for appellants is that the power of the council is limited by the statute to cases where its action will result in a public benefit and not alone in the interest of and for the benefit of a private individual. For this proposition we are cited to *Pence* v. *Bryant*, 54 W. Va. 263, points 6 and 7 of the syllabus.

Conceding for the moment that the action of the town council in closing the road was void for the reasons alleged, the question confronting plaintiffs is, have they any right to enjoin the action of the council or the acts of the other defendants done under it? The general rule obtaining everywhere is that to entitle a property owner to any injunctive relief against the vacation of a street or highway by public authority, he must show that he will suffer some special or peculiar injury or inconvenience not common to all other persons in that neighborhood, and generally he must show that his property joins or abuts on that part of the road or street sought to be vacated, or that the part sought to be vacated furnishes the only means of access to his property, for if he has some other means of access thereto by other streets and public highways he is simply one of the general public suffering an inconvenience common to all. 13 R. C. L. p. 75, sec. 67; *Bryant* v. *Logan*, 56 W. Va. 141, 145; *Fowler* v. *N. & W. Railway Co.*, 68 W. Va. 274, 278.

To bring themselves within the rule of peculiar and special injury not sustained by the public in general, the bill alleges

that the town council has provided another road or street in the same vicinity and leading to and from their respective properties, but that the new road or street is not so convenient or useful because of the differences in grade in favor of the old road and that they are not able to haul as large loads over the new as over the old road, the grade of the old road being 6.21 percent, that of the new 15.27 percent, and, according to the witnesses, plaintiffs can haul double the amount over the vacated road that they are able to haul over the new road; and other inconveniences of the new road over the old are shown, but they are common to all and not special or peculiar to the plaintiffs, albeit the plaintiffs may be inconvenienced in a different degree.

The answer denies that the action of the council is void for the reasons alleged, or that the plaintiffs have sustained any actual injury or inconvenience not common to the public in general, and affirm that the new road or street was used by the plaintiffs often in preference to the old road when it was still in use; they allege also that the new road has advantages over the old in point of roadbed, etc. But we need not deal with these controverted facts, for in our view of the case plaintiffs neither by pleadings nor proof have made out a case of special damages and for that reason are not entitled to the injunctive relief prayed for. The authorities relied on by them are all inapplicable to the case presented by the bill. All, like that of *Pence v. Bryant, supra,* either involve the claim of an abutting owner or of one having some right or title to the land occupied by the street or road, or in private easements, and are inapplicable.

Our conclusion is to affirm the decree.

*Affirmed.*