# CHARLESTON.

DAVID D. ASHWORTH, PROSECUTING ATTORNEY OF RALEIGH
COUNTY v. HON. JOHN H. HATCHER, JUDGE OF THE
CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT.

(No. 5241.)

Submitted September 24, 1924.   Decided December 22, 1924.

CRIMINAL LAW—PROHIBITION—*Certiorari Does Not Lie to Remove
to Circuit Court Case Pending Before Inferior Tribunal to
Review Ruling on Demurrer, and Prohibition Will Issue
.to Prevent Such Review.*

A circuit court has no jurisdiction by certiorari to remove a
case pending before an inferior tribunal for the sole purpose
of reviewing the latter's ruling on demurrer to pleadings;
and the Supreme Court of Appeals may award a writ of pro-
hibition to restrain such action by the former.

HATCHER, JUDGE, Absent.

(Criminal Law, 17 C. J. § 3624; Prohibition, 32 Cyc. p. 604.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part
of syllabi.)

Original proceeding by David D. Ashworth, Prosecuting
Attorney of Raleigh County, against Hon. John H. Hatcher,
Judge of the Circuit Court of the Tenth Judicial Circuit, for
a writ of prohibition.

*Writ awarded.*

E. T. *England,* Attorney General, for petitioner.
J. W. *Maxwell,* for respondent.

LITZ, JUDGE:

Emma Houchins, having been indicted in the criminal
court of Raleigh county for the murder of Lewis Romans
and Emma Carter, was tried for the murder of Emma Car-
ter and acquitted.   On her subsequent arraignment for the
murder of Lewis Romans, she tendered a plea of autrefois
acquit, averring that Emma Carter and Lewis Romans had
met their deaths from stray pistol shots fired rapidly by the
accused while defending herself against a felonious attack
at the hands of Anna Romans; and that her acquittal in the

one case was a bar to prosecution in the other. A demurrer
to the plea having been sustained, the judge of the criminal
court, upon joint request of the prosecuting attorney and
counsel for the accused, attempted to certify his ruling to
this Court for review, under Section 1, Chapter 135, Code
1923; but for want of jurisdiction under the statute to con-
sider matters on certificate from other than circuit courts,
we did not respond to the question certified. *State* v. *Hou-
chins,* 96 W. Va. 375, 123 S. E. 185.

Thereafter the accused obtained from the circuit court
of Raleigh county a writ of certiorari commanding the crim-
inal court to certify to said circuit court the complete rec-
ord in the case, and to stay proceedings therein until the
further order of the circuit court. The relator by writ of
prohibition seeks to restrain the action of the circuit court,
for want of jurisdiction in the premises.

In England, at common law, the writ of certiorari is an
original writ issuing out of Chancery or the King's Bench,
directed in the king's name to the judges or officers of in-
ferior courts, commanding them to return the records of a
cause depending before them, in order that the party may
have more sure and speedy justice, before him, or such of
his justices as he shall assign to determine the merits. It is
frequently used in order the better to consider and determine
the validity of an indictment and proceedings thereon and to
prevent a partial and insufficient trial which it is thought
would take place in the original jurisdiction. The writ is some-
times issued after final judgment to meet the ends of jus-
tice where no other remedy is provided. Chitty's Crim.
Law, Chap 9.

Section 12 of Article VIII., West Virginia Constitution,
confers upon circuit courts the power of supervision and
control over all proceedings before justices and other inferior
tribunals by mandamus, prohibition and certiorari.

Section 2 of Chapter 110 Code, (Barnes' 1923), provides:

"In every case, matter or proceeding, in which
a certiorari might be issued, as the law heretofore
has been, and in every case, matter or proceeding
before a county court, council of a city, town or vil-

lage, justice or other inferior tribunal, the record or
proceeding may, after a judgment or final order
therein, or after any judgment or order therein
abridging the freedom of a person, be removed by a
writ of certiorari to the circuit court of the county
in which said judgment 'was rendered, or order
made; except in cases where authority is or may
be given by law, to the circuit court or the judge
thereof in vacation, to review such judgment or
order on motion, or on appeal, writ of error or super-
sedeas, or in some manner other than upon cer-
tiorari.''

The alleged jurisdiction of the circuit court rests upon
the theory that the writ of certiorari according to the Eng-
lish practice has been in use in this State and Virginia
prior to the adoption of the West Virginia Constitution,
and that Section 12, Article VIII, of that Constitution,
giving to the circuit court supervision and control over
proceedings before inferior tribunals, is authority for such
court to issue the writ wherever it would lie from a court of
Chancery or the King's Bench in England. The writ has
never been employed in this State or Virginia to remove a
case before trial from an inferior tribunal to a superior court
for the purpose of testing the sufficiency of pleadings. Such
practice, because of the great number of inferior tribunals
including county courts, justices of the peace and town coun-
cils, would result in endless delays and impossible procedure.

Under Sections 2 and 3 of Chapter 110, Code, judicial
action is reviewable by the writ. But if the case, matter or
proceeding may be reviewed by appeal, writ of error or
supersedeas, or in any other manner, certiorari will not lie.
It is an extraordinary remedy used in cases where there has
been an error in justice which cannot be reviewed and cor-
rected by the ordinary forms of procedure. *Poe* v. *Machine
Works,* 24 W. Va. 517; *Welch* v. *County Court,* 29 W. Va.
63; *Humphreys* v. *County Court,* 90 W. Va. 318; *In re Arbi-
tration between Carroll Hardwood Lumber Co. and Kentucky
River Hardwood Co.* 94 W. Va. 392.

Being of opinion that the circuit court is without juris-
diction to remove a case pending before an inferior tribunal

for the sole purpose of reviewing the latter's ruling on the sufficiency of pleadings, we award the peremptory writ of prohibition.

*Writ awarded.*