GAY BARKER, *et al.*

*v.*

THE CITY OF CHARLESTON, *et al.*

(No. 10279)

Submitted Sept. 13, 1950. Decided Oct. 24, 1950.

*D. Boone Dawson, Charles Ritchie,* for plaintiffs in error.

*John J. D. Preston, Stanley E. Dadisman,* for defendants in error.

GIVEN, JUDGE:

A writ of error was granted by this Court to review a final judgment of the Circuit Court of Kanawha County, refusing a writ of certiorari to petitioners Gay Barker, D. B. Wiblin, C. B. Wiblin, M. D. Jarvis, Clifford D. Perry and Annie E. Perry, against The City of Charleston, a Municipal Corporation, R. Carl Andrews, Mayor, Jesse Asbury and others, members of the Council of The City of Charleston, respondents. Petitioners sought to have the circuit court issue the writ for the purpose of reviewing the action of the City Council of the City of Charleston in the vacating and closing of a part of Second Street and parts of two alleys in the Mohler Addition, within the city. Respondents filed their "joint and separate" demurrer to the petition. The circuit court held "that the demurrer of respondents was prematurely filed, and will not be considered as a pleading herein * * *", but further held "that the petitioners have not, under the averments of the petition, made out such a case that would entitle them to relief by writ of certiorari", refused to award the writ and dismissed the petition.

The petition, denominated amended petition, is to the effect that the petitioners are citizens and residents of the City of Charleston; that petitioners Barker, and the Wiblins, own Lots 114 and 115 of the Mohler Addition; that petitioner Jarvis owns Lots 73 and 74 of that addition; that petitioners Clifford D. Perry and Annie E. Perry own Lot 4 of Block G of the Town of Lydia, an addition also within the city; that petitioners have continued in full and free enjoyment of their properties and of the streets and alleys of said Mohler Addition; that the streets and

alleys of said addition have been duly dedicated to public use; that the city has extensively repaired and has maintained said streets and alleys for public use since the incorporation of said addition as part of the city; that a main sewer line is maintained under that portion of Second Street vacated and closed and a main water line is maintained within that part of one of the alleys vacated and closed; that a hearing was had before the Municipal Planning Commission of the City of Charleston upon petition filed before it with reference to such closing and that after such hearing the Municipal Planning Commission recommended the vacating and closing of Second Street and the alleys as prayed for in the petition; and that the council passed an ordinance, over the protest of petitioners herein, vacating and closing a part of Second Street and parts of two alleys, as recommended by the Municipal Planning Commission, describing particularly the parcel so vacated and closed. The petition contains this further allegation:

> "Petitioners aver that under the facts as herein set forth the Council of the City of Charleston exceeded its authority in enacting said ordinance and that same should be declared void and of no effect; that the enactment thereof was for the purpose of benefitting a private corporation rather than for the benefit of the public and therefore the action of Council in enacting said ordinance was arbitrary and constituted an abuse of their official discretion relative to the enactment of ordinances."

It may be observed that the petition contained no allegation to the effect that any of the properties of petitioners fronted or abutted on that part of the street or alleys vacated and closed, or to the effect that the vacating and closing of the same would in any way injure, prejudice or inconvenience petitioners, or any of them, in any manner, except to the extent that such injury, prejudice or inconvenience would be suffered by all others of the community wherein the properties of petitioners are situated.

Did the circuit court err in declining to consider the demurrer of respondents? Authorities are not wholly in accord. In 14 C. J. S., Certiorari, 84, it is said:

"*Demurrer.* In some jurisdictions the writ is allowed on a petition ex parte, the only answer to the writ being the return, and no demurrer will lie for any defect in the petition. In others, however, the sufficiency of the petition for a writ of certiorari may be tested by demurrer, and where it is the established practice for the court to hear the whole case on the petition the demurrer may be filed with, or in addition to, the record of the proceedings."

In *Fleming* v. *Commissioners,* 32 W. Va. 637, 9 S. E. 867, this Court held a petition for a writ of certiorari had "without demurrer", indicating that a demurrer would have been considered. Code, 56-4-36, says that "The sufficiency of any pleading, in law or equity, may be tested by a demurrer. * * *". In Burks Pleading and Practice, 2d Ed., Section 190, a pleading is defined as "an orderly statement in a judicial proceeding of some ground of action or defense". 41 Am. Jur., Pleadings, Section 2, says that "Pleadings are the allegations made by the parties to an action or proceeding for the purpose of presenting the issue to be tried and determined, whether such issue is of law or fact".

In *Fleming* v. *Commissioners, supra,* this Court treated the petition for a writ of certiorari as a pleading. In *Lawhead* v. *Bank,* 119 W. Va. 467, 194 S. E. 79, this Court held, Point 4 of the syllabus:

"A challenge of a pleading should be by demurrer, in consequence of our statute, Code, 56-4-36, which provides that the sufficiency of any pleading, in law or equity, may be tested by a demurrer."

Since it is clear from these decisions that a petition praying for the issuance of a writ of certiorari is a pleading, and since Code, 56-4-36, provides that the "sufficiency of any pleading" may be tested by demurrer, we

hold that a demurrer to such a pleading, when timely interposed, must be considered.

The circuit court, although declining to consider the demurrer, found that the petition did not state a cause of action which would entitle petitioners to have the writ issue. If correct in that conclusion, the action of the trial court in refusing to issue the writ and in dismissing the petition was to the same effect as if the trial court had considered and sustained the demurrer. The demurrer contains numerous grounds as to the insufficiency of the petition, one of which is that it contains no allegation to the effect that petitioners have suffered any injury, prejudice or inconvenience not suffered by other persons of the community, or that petitioners are owners of any lot fronting or abutting on the part of Second Street or on the part of either of the alleys so vacated. In the absence of any such allegation, do petitioners have the right to have the writ issue? The conclusion this Court has reached as to this proposition makes it unnecessary to consider any other ground of the demurrer.

In 14 C. J. S., Certiorari, Section 51, it is stated:

"It is a general rule that the writ is not available to an individual who has no direct or particular interest in the proceeding sought to be revised and who does not show that he will suffer a special injury beyond that which will affect him in common with the public or others similarly situated, and this rule is especially applicable where another sufficient remedy through public instrumentalities is available. * * *."

In *Davis Colliery Company* v. *Harding*, 83 W. Va. 609, 98 S. E. 815, this Court held:

"To entitle a property owner to injunctive relief against the vacation or obstruction of a public street or road by public authority, his property must abut on that part of the road so vacated or obstructed, or he must show that he will thereby suffer special or peculiar damage or inconvenience not common to all."

In the opinion the Court stated:

"Conceding for the moment that the action of the town council in closing the road was void for the reasons alleged, the question confronting plaintiffs is, have they any right to enjoin the action of the council or the acts of the other defendants done under it? The general rule obtaining everywhere is that to entitle a property owner to any injunctive relief against the vacation of a street or highway by public authority, he must show that he will suffer some special or peculiar injury or inconvenience not' common to all other persons in that neighborhood, and generally he must show that his property joins or abuts on that part of the road or street sought to be vacated, or that the part sought to be vacated furnishes the only means of access to his property, for if he has some other means of access thereto by other streets and public highways he is simply one of the general public suffering an inconvenience common to all. * * *."

In *Davis* v. *Hampshire County,* 153 Mass. 218, 26 N. E. 848, 11 L. R. A. 750, the Massachusetts Court held:

"One who is injured by an order discontinuing a portion of a highway only in the same manner as the rest of the community, although in a greater degree, has no standing to be heard individually on a writ of certiorari to review the order."

In *Blanding* v. *Las Vegas,* 52 Nev. 52, 280 Pac. 644, 68 A. L. R. 1273, it is held:

"A nonabutting property owner is not entitled to sue to enjoin the vacation of a street, unless he shows that he will suffer a special or peculiar injury, and not merely such inconvenience as is cast upon all other persons of that neighborhood."

See also *Pence* v. *Bryant,* 54 W. Va. 263, 46 S. E. 275; *County Court* v. *Boreman,* 34 W. Va. 87, 11 S. E. 747; *Conrad* v. *County of Lewis,* 10 W. Va. 784.

Petitioners point out that the *Davis Colliery Company* case was a proceeding in equity, but we fail to see why

the rule of law therein stated should not be applied to a proceeding by certiorari. It is a general rule that a party who has not been injured is not entitled to the writ. "In order to be entitled to a writ of certiorari, a petitioner must have an interest in the proceeding to be reviewed and must have sustained injury from the prior ruling therein." 14 C. J. S., Certiorari, Section 50.

There appears also to be some contention to the effect that since petitioners purchased their lots by reference to a recorded map and thereby acquired certain rights to the streets and alleys shown upon the map, they have a special interest in the streets and alleys. Such an interest, however, would be common to all owners of lots in the addition. See *Rose* v. *Fisher,* 130 W. Va. 53, 42 S. E. 2d 249; *Huddleston* v. *Deans,* 124 W. Va. 313, 21 S. E. 2d 352; *Deitz* v. *Johnson,* 121 W. Va. 711, 6 S. E. 2d 231. These cases, however, do not deal with the question of the right of a municipality to vacate or close a street. Code, 8-4-10, provides that the council of a city "shall have plenary power and authority therein by ordinance * * * to lay off, vacate, close * * * streets, alleys, sidewalks * * * for the use of the public * * *". Section 7 of the Charter of the City of Charleston is to the same effect. Acts, 1929, Municipal Charters, Chapter 4.

In *Pence* v. *Bryant, supra,* this Court held, in Point 7 of the syllabus:

"Whether the motives of a town council in vacating a street are proper cannot be judicially inquired into; but the aim and purpose of the vacation, and the end accomplished, may be considered in passing on its validity. If the purpose effected by it is within the power of the council, its act will be valid; otherwise not."

The power and authority granted by the statute have been recognized and treated as valid in a number of cases. See *Yates* v. *Town of West Grafton,* 34 W. Va. 783, 12 S. E. 1075; *Dancer* v. *Mannington,* 50 W. Va. 322, 40 S. E. 475; *Pence* v. *Bryant,* 54 W. Va. 263, 46 S. E. 275; *Railroad Company* v. *Town of Triadelphia,* 58 W. Va. 487, 52 S. E. 499;

*County Court* v. *Grafton*, 77 W. Va. 84, 86 S. E. 924; *Davis Colliery Company* v. *Harding*, 83 W. Va. 609, 98 S. E. 815.

We conclude, therefore, that the petition is insufficient in that it does not show an interest or right in the petitioners or that they have suffered any injury, prejudice or inconvenience not suffered by others in the community; that the circuit court should have considered and sustained the demurrer; and that the action of the circuit court in refusing to issue the writ and in dismissing the petition should be affirmed.

*Affirmed.*