RICHARD D. GARRISON, *et al.*

*v.*

CITY OF FAIRMONT, *et al.*

(CC867)

Submitted February 1, 1966.     Decided March 29, 1966.

*A. Blake Billingslea, Stathers & Cantrall, W. Mote Thompson,* for plaintiffs.

*Hays Webb, Louis Schoolnic, J. Scott Tharp,* for defendants.

BROWNING, JUDGE:

Petitioners, fifty-two owners in possession of property within a certain area in the City of Fairmont, West Virginia, applied to the Circuit Court of Marion County for

a writ of certiorari to review the evidence and proceedings had before the municipal planning and zoning commission and the board of directors of the City of Fairmont in the matter of an amendment of the zoning ordinance of the City of Fairmont. The petition alleges that the board of directors is the governing body of the City of Fairmont, the municipal planning and zoning commission of the City of Fairmont was created by ordinance which requires all members thereof to be freeholders and residents of the City of Fairmont; and such commission is improperly and illegally constituted in that all of its members are not freeholders and residents of the City of Fairmont. The petition then alleges that on September 20, 1965, the board of directors purported to pass an ordinance amending ordinance No. 282, the zoning ordinance of the City of Fairmont, rezoning certain residence property to business property, which amendment is unconstitutional and void for various assigned reasons, which need not be recited here, the gravamen being that petitioners have been denied due process of law in that the statutory requirements for effecting a change in the zoning ordinance could not be lawfully met, inasmuch as the planning and zoning commission is unlawfully constituted, and were not complied with in fact because the statutory procedure was not followed.

Respondents, the City of Fairmont, its board of directors, the planning and zoning commission, the individual members thereof, and Harry Kaufman, answered alleging that the acts and proceedings of the planning and zoning commission and of the board of directors are administrative and legislative in nature and are not subject to review by certiorari, which answers were upheld by the court and the court, on its own motion, certified the following question to this Court: "Does the petition of the plaintiffs herein sufficiently allege a cause of action which can be reviewed by the Circuit Court of Marion County, West Virginia, in certiorari?"

Article VIII, Section 12 of the constitution of this state provides: "The circuit court shall have the supervision and control of all proceedings before justices and other inferior

tribunals, by mandamus, prohibition and certiorari. . . ." This provision was implemented by statute, Code, 53-3-2, making specific reference to a city council in the following language: "In every case, matter or proceeding, in which a certiorari might be issued as the law heretofore has been, and in every case, matter or proceeding before a county court, council of a city, town or village, justice or other inferior tribunal, the record or proceeding may, after a judgment or final order therein, or after any judgment or order therein abridging the freedom of a person, be removed by a writ of certiorari to the circuit court of the county in which such judgment was rendered, or order made; except in cases where authority is or may be given by law to the circuit court, or the judge thereof in vacation, to review such judgment or order on motion, or on appeal, writ of error or supersedeas, or in some manner other than upon certiorari. . . ." In discussing these constitutional and statutory provisions this Court said, in *Town of Davis* v. *Davis*, 40 W. Va. 464, 21 S. E. 906: "[certiorari] . . . always lies, unless expressly taken away, and it requires very strong words to do so. The reason of this is that it is an extremely beneficial writ, being the medium through which the court of queen's bench exercises its corrective jurisdiction over the summary proceedings of inferior courts. . . . and, so far from this common-law writ being taken away in this state, the constitution, in express terms, gives the circuit court supervision and control over all proceedings before justices and other inferior tribunals by *certiorari*. . .; and by section 2 of Chapter 110 of the Code [now, 53-3-2] the common-law jurisdiction of the writ is declared, and in every case, matter, or proceeding before a council of a city, town or village it is specifically provided that, subject to certain exceptions mentioned, the record or proceeding may, after a judgment or final order therein, be removed by a writ of *certiorari* to the proper Circuit Court, and such writ may be awarded by the judge in vacation as well as by the court." The Court had before it in the *Davis* case a "judgment" of a town council declaring a "merry-go-round" to be a nuisance and ordering it to be abated. ·

It is well settled that the writ of certiorari lies only to review judicial or quasi-judicial actions of an inferior board or tribunal. *Quesenberry* v. *State Road Comm.*, 103 W. Va. 714, 138 S. E. 362; *Reynolds Taxi Co.* v. *Hudson*, 103 W. Va. 173, 136 S. E. 833; *Ashworth* v. *Hatcher*, 98 W. Va. 323, 128 S. E. 93; *Carroll Hardwood Lumber Co.* v. *Kentucky River Hardwood Co.*, 94 W. Va. 392, 119 S. E. 162; *Poteet* v. *County Comm'rs*, 30 W. Va. 58, 3 S. E. 97. In the *Quesenberry* case it is stated, at page 721, "Our statute has enlarged the writ as above set out in respect to what may be done under it, but does not enlarge it to include the review of proceedings other than judicial or quasi-judicial." Ordinarily, the action of a city council in enacting an ordinance is legislative and not reviewable by certiorari, *Railroad Company* v. *Town of Triadelphia*, 58 W. Va. 487, 52 S. E. 499, but petitioners contend that, inasmuch as the amendatory ordinance in the instant case could only have been enacted under the provisions of Chapter 8, Article 5 of the Code, as amended, which requires notice and hearing before the planning commission previous to submission to and adoption by a city council, the action of the board herein partakes of judicial attributes.

Chapter 8, Article 5 of the Code relates to urban and rural planning and zoning and provides generally that the governing body of every municipality may by ordinance create a planning commission to promote the orderly development of its governmental units and their environs, which planning commission shall serve in an advisory capacity to the governing body of the city; such planning commission shall be composed of freeholders and residents; the commission shall make a comprehensive plan for development and a proposed ordinance for its enforcement which, after notice and hearing, may be adopted and the ordinance recommended to the governing body of the city for adoption; after adoption of the comprehensive plan and ordinance amendments thereto must be made in the same manner as required for the original plan; and, after adoption, subdivision plats and replats must be approved by the commission. Section 38 then provides that "A decision of the commission may be reviewed by certiorari procedure the same

as that provided for the appeal of zoning cases from the decision of the board of zoning appeals . . . ." The article also grants specific zoning authority to the governing body of a city, upon regulations and restrictions recommended by the planning commission; for an election on the adoption of a zoning ordinance and for amendments of said zoning ordinance by petition of (1) the planning commission or (2) the owners of fifty per cent or more of the area involved in the petition, such amendments to be considered as amendments to the comprehensive plan; as part of the zoning ordinance a board of zoning appeals shall be created to hear and determine appeals from any order, requirement or decision made by any administrative official or board charged with enforcement of any zoning ordinance or regulation. Section 59 provides: "Every decision of the board of zoning appeals shall be subject to review by certiorari."

The distinction between judicial and nonjudicial functions is difficult to state. "What is a judicial function, does not depend solely upon the mental operation by which it is performed or the importance of the act. . . . It is not enough to make a function judicial that it requires discretion, deliberation, thought and judgment. It must be the exercise of discretion and judgment within that subdivision of the sovereign power which belongs to the judiciary, or, at least, which does not belong to the legislative or executive department. If the matter, in respect to which it is exercised, belongs to either of the two last named departments of government, it is not judicial." *Railroad Company* v. *Town of Triadelphia*, 58 W. Va. 487, 500, 52 S. E. 499. It will be noted that planning and zoning boards' authority is limited to recommending a proposed ordinance to the city council, which recommendation the council is free to amend, approve or reject, Code, 8-5-21, as amended, and although there has been no interpretation by this Court of the specific zoning and planning legislation since its enactment in 1959, this Court is firmly of the view that the adoption of the planning board's recommended zoning area of the City of Fairmont was purely a legislative act and not one judicial or quasi-judicial as would lend itself to the procedure of certiorari to the circuit court of Marion County. The great

weight of authority elsewhere would seem to be to that effect as witness the following decisions of courts in other jurisdictions. *Blankenship* v. *City of Richmond,* 188 Va. 97, 49 S. E. 2d 321; *Clifton Hills Realty Co.* v. *City of Cincinnati* (Ohio), 21 N. E. 2d 993; *Reckner* v. *School Dist.* (Pa.), 19 A. 2d 402. But see, *Barker* v. *Charleston,* 134 W. Va. 754, 61 S. E. 2d 743.

It is also contended by petitioners that the legislature must have considered the provisions of Code, 53-3-2, in effect long prior to the planning and zoning act, as applicable in the premises since in the enactment of the act it made specific provision for a writ of certiorari to review decisions of the commission and of the zoning appeals board and is silent only as to the recommendations and ordinance features. We are of opinion that this contention is also without merit. The statute provides for certain approval by the planning commission of subdivision plats and other acts on its part which do not require submission to council and on which the commission's decision would be final. Similar provisions obtain as to the zoning appeals board, and the word *decision* is not synonymous with the word *recommendation. McGraw* v. *Marion Co. Planning Comm.,* (Ind.) 174 N. E. 2d 757; *Mora County Board of Education* v. *Valdez,* (N. M.) 300 P. 2d 943. As heretofore stated, certiorari lies only to review the proceedings of bodies and officers acting in a judicial or quasi-judicial capacity when no other remedy is provided.

We have carefully considered the authorities cited by petitioners in support of their contention and although not all have been referred to in this opinion, we have concluded that all are distinguishable upon their facts from the instant case. We therefore hold that the question certified should be answered in the negative and the ruling of the Circuit Court of Marion County should be affirmed.

*Ruling affirmed.*