# CHARLESTON

## Bank *v.* Burdette, Judge.

Submitted March 19, 1907.    Decided March 27, 1907.

1. Judgment—*Office Judgment—Setting Aside—Demurrer.*

Action of debt against two defendants on promissory notes, the plaintiff filing an affidavit of the amount due under Code, chapter 125, section 46. Office judgment against both defendants by default. At the next term one defendant files the counter affidavit prescribed by that section and demurs to the declaration, but files no plea of fact. The other defendant makes no appearance at the first term. At a later term the demurrer is overruled, and both defendants tender a joint plea of *nil debent.* The said joint plea should not be received. A demurrer to a declaration does not set aside such office judgment.   (p. 637.)

2. Mandamus—*To Judge—Refusal.*

In such case a *mandamus* to require the circuit court to strike out such plea and allow the office judgment to stand as to the defendant not appearing at the first term, until an issue shall be tried between the plaintiff and the other defendants, will be refused, no motion having been made for entry of judgment in the circuit court, and the *mandamus* asked for not requiring the circuit court to enter any judgment.   (p. 640.)

Petition by the Citizens National Bank for writ of *mandamus* to S. C. Burdette, judge, and others.

*Writ Refused.*

Mollohan, McClintic & Mathews, for petitioner.

J. W. Kennedy and Morgan Owen, for respondents.

Brannon, Judge:

This is an action of debt by the Citizens National Bank against A. C. Hall and Lottie Hall on negotiable promissory

notes.   The plaintiff filed with its declaration the affidavit as
to the amount and justness of the debt provided for in sec-
tion 46, chapter 125, Code.   An office judgment was entered
at rules.   At the next term after the office judgment was
confirmed A. C. Hall filed a defendant's affidavit under that
section and entered a demurrer to the declaration.    No ap-
pearance in any manner was made by Lottie Hall at said
first term.   Several terms passed.   At one of the passed
terms the demurrer was overruled.   Then both A. C. Hall
and Lottie Hall united in a plea of *nil debent*.    Lottie Hall
filed with the plea her affidavit that "she did not endorse
said note mentioned and described in said declaration as is
alleged therein."   The bank objected to the filing of said
joint plea and said affidavit on the ground that Lottie Hall,
having made no appearance at the first term, could make no
defence or affect the office judgment; but the court received
the plea and affidavit.   Next the plaintiff asks this Court
for a *mandamus* to compel the circuit court of Kanawha
county to reject and strike out said affidavit and plea filed by
Lottie Hall, and permit the office judgment against her to
stand, and receive any proper plea by A. C. Hall, and make
up the proper issue or issues thereon, and try the case as to
him, and then enter such joint final judgment for or against
said defendants as the proof and trial of the issue or issues
might require.

It is contended that the demurrer filed by A. C. Hall alone
set aside the office judgment as to both him and Lottie Hall,
since the office judgment was joint against them.   We hold,
that under section 46, chapter 125, Code 1899, a demurrer
does not set aside an office judgment.   It is true that the case
of *Symme* v. *Griffin*, 4 H. & M. 277, in its syllabus states
that a demurrer is an issuable plea competent to set aside an
office judgment.   The reporter so states the decision, but it
is not found in the decision of the court.   Then the syllabus
had no binding force, being made by the reporter, not by
the court.   Now our constitution requires the court to make
the syllabus, and it is that which is the real decision over
the opinion.   It would seem that Mr. Barton hesitated to
incorporate it in his text as authority from the short note in
1 Barton's Law Practice, p. 560.   But, in addition, our
present statute governs.   It says that an office judgment shall

be final, if not set aside at the next term. On what terms can it be set aside? By " plea" with an affidavit, if the plaintiff has filed one, that no amount, or only a certain amount, is due. This affidavit does not state matter of law, but fact, and it accompanies a plea, which we take to be a plea of fact, not that plea of law called a demurrer. What the use of an affidavit of fact to accompany a demurrer? After a party ty has let two rule days go by, and comes not in at the next term, he is taken to confess the fact. The statute proceeds on this theory. He has made no defence of the debt. The *fact*, the debt as a matter of fact, stands confessed. No mere challenge of the *law* of the declaration will set aside this confession. If a defendant wishes to contest both law and fact, he can at the same time both demur and plead. The court will entertain his demurrer, but it confesses the fact, and his non-appearance further confesses it. If the demurrer is overruled at the first term he can plead any matter of fact admissible; but if overruled at a later term, he cannot plead any plea of fact. If the demurrer is held good, and the case is dismissed, the office judgment amounts to nought, and judgment in court is not entered. Judgment must be entered by the court under our present statute. Once it was law that no entry of judgment *in term* was necessary. Code 1849, chapter 171, section 44; Code 1868, chapter 125, section 46, 1st Ed. Under that Code the clerk must enter the judgment in the law order book after the term closes. But now the clerk cannot do so. The judgment must be entered in term. If the demurrer is sustained, the office judgment is nought, and cannot be entere l of record, because of want of good declaration. If the declaration is amended without remand to rules for an amended declaration, the office judgment stands still good, and no plea of fact can be admitted after the first term and judgment must be entered of record. If the case be remanded to rules for an amended declaration, it must go through the same process, and the old office judgment is nought, and is not entered of record. In short, whether there is, or is not, a demurrer, no other defence can be made after the first term. This is so whether the plaintiff has, or has not, filed the affidavit provided for in section 46, chapter 125, Code. It must be admitted that the exact meaning of that section is somewhat

cloudy. But a close reading of it must impress one that the object was to take one failing to contest the fact of the debt at rules or at the first term as confessing the fact, and *closing that matter*. In the Code of 1849 and the first edition of our Code of 1868 this office judgment became final at the first term. It could not be opened later by plea. *Alderson* v. *Gwin*, 3 W. Va. 229; *Enders* v. *Birch*, 15 Grat. 1. Did the Legislature of 1882, which passed section 46 as it now is, intend to change the law so long prevailing giving the office judgment finality after the first term? I think not. Under the old law, no plea could be later received, nor can it now. *Marstiller* v. *Ward*, 52 W. Va. 74; *Hurlburt* v. *Straub*, 54 *Id.* 303; *Bradley* v. *Long*, 57 *Id.* 599; *Hutton* v. *Holt*, 52 *Id.* 673. The act of 1882 made the section more rigid as to plea than the old law by denying a plea even at the first term, unless there was an affidavit denying the debt, if the plaintiff had filed one verifying it, which the old law did not demand, as the plaintiff could prove his case; but it does not disturb the finality feature of the section. It is the confession of the debt, as a matter of *fact*, that is the prominent feature, and plain intent of the section. A mere demurrer does not deny, but admits the debt. It cannot do away with that which the section speaks, the confession of the debt, the finality of the office judgment. The design of the statute is to give speedy judgment. The section in plain words demands that the defendant must appear at the first term and plead to issue. He cannot plead later. If the plaintiff has filed an affidavit, the defendant must file a counter one. How can we think that the affidavit has to do with a demurrer? I repeat, What has the affidavit as to the amount of the demand to do with an issue of law on a demurrer? This means that only a plea of fact can deprive a plaintiff of his judgment. That is the thing that has come into being, and to annul it there must be matter of fact pleaded as to the facts alleged in the declaration, on which facts the judgment rests. The plea must go to those *facts*. A demurrer does not contest them, but admits them. The cases above cited virtually so decide. True, they do not decide that a demurrer will not set aside an office judgment; but they assert its finality.

Counsel for Halls resist the award of a *mandamus* on the

ground that the summons to answer the action of debt was not personally served on Lottie Hall, but served by delivery of the summons to a member of her family. They say that a married woman, as she is, must be personally served with process, and that no substitutionary service can be made on a married woman under Code, chapter 121, section 1. It is thence contended that the office judgment against her is void, and therefore she had right to plead. We do not think this matter can be considered upon a *mandamus*. It is to be availed of, if available, by writ of error or motion.

The next question is this: Though when a demurrer alone is entered at the first term and overruled at a later term, no plea can be then entered to set aside the office judgment, yet, if allowed to be filed, will *mandamus* go to strike it out? The general rule is that *mandamus* does not lie to correct judicial error, but a writ of error must be used. However, the *Marstiller Case* and others above cited say that when an office judgment has passed the first term, the case is closed, and any action thereafter to affect it by plea is without jurisdiction, *coram non judice*, and it only remains for the court to put on record, as evidence or memorial, what the *law* has already pronounced, the judgment. Therefore, entry of judgment is not a judicial, but ministerial act, for some acts of even a court of general jurisdiction are, in nature, ministerial. "If the duty involved is purely ministerial and not judicial or discretionary, and if the duty itself is imperative, specific and definite, *mandamus* will lie not only to compel general performance, but to compel performance in a particular and specific manner. But the duty must be clearly and unmistakably enjoined by law, so that its performance does not involve the exercise of any judgment or discretion." 19 Am. & Eng. Ency. L. (2nd Ed.) 742; *Summers County* v. *Monroe County*, 43 W. Va. 207. But no motion to enter any judgment was made in the circuit court. It may be inferred that as the court overruled an objection to the admission of the plea and the affidavit of Lottie Hall, such motion for entry of judgment would have been overruled. We cannot so assume. That motion must be made. Until made no refusal can be imputed to the circuit court. A litigant must ask for what he wants. And the *mandamus*

asked of this Court would not require the circuit court to enter any judgment, if it could do so, without a motion in the circuit court. In the *Marstiller Case* the circuit court refused to enter judgment.

Therefore, we dismiss the alternative *mandamus* heretofore awarded, and refuses a peremptory *mandamus*, without prejudice.

*Writ Refused.*