# CHARLESTON

Netter-Oppenheimer & Co. v. Elfant.

| 63 | 99 |
|e63| 375|

Submitted June 17, 1907.   Decided December 3, 1907.

1. Pleading—*Affidavit—Plea in Abatement*.

Though a plaintiff in an action of *assumpsit* has filed with his declaration an affidavit of the amount due him, the defendant may file a plea in abatement to the jurisdiction of the court without filing the counter affidavit required of a defendant by Code, chapter 125, section 46.  (p. 100.)

2. Same.

Where in an action brought in Taylor county against a single defendant and the summons is directed to Wetzel county, and there served, and there is a plea in abatement to the jurisdiction averring that the defendant resides in Wetzel, it is not bad for failing to aver that the cause of action did not arise in Taylor county.  (p. 101.)

3. Action—*Summons—Plea in Abatement*.

An action is brought in one county and the summons is directed to the sheriff of another, the summons will be quashed and the action dismissed either on plea in abatement or motion to quash the summons and dismiss the action, no defendant residing in the county of the action.  (p. 102.)

Error to Circuit Court, Taylor County.

Action by Netter-Oppenheimer & Company against Anna Elfant.   Judgment for defendant, and plaintiff brings error.

*Affirmed.*

Hugh Warder, for plaintiff in error.

Dent & Dent, for defendant in error.

Brannon, Judge:

Netter-Oppenheimer & Co. brought an action of *assumpsit* against Anna Elfant in the circuit court of Taylor county upon an open account, the declaration containing the common counts.   The plaintiffs filed an affidavit of the amount due them as provided in section 46, of chapter 125, Code.   At the first rules, as it seems probable, conditional judgment was rendered.   The record shows that at the second rules "defendant appeared by counsel and filed a plea in abatement, and Conditional Judgment Affirmed."   In the court the plaintiffs moved the court to strike out the plea in abate-

ment, but the court refused to do so. Then the defendant craved oyer of the summons and the officer's return thereon, and the same were read to her, and then the defendant moved the court to quash the summons issued in the case and strike the cause from the docket, and the court having done so, the plaintiffs sued out a writ of error.

As to the refusal of the court to strike out the plea in abatement. The first ground given as a reason why the court ought to have rejected that plea is, that as the plaintiffs filed with their declaration an affidavit as to the amount due them under Code, chapter 125, section 46, the defendant could not file a plea in abatement without her affidavit required of a defendant under that clause of section 46, saying that no plea shall be filed in the case, unless the defendant file with the plea his affidavit that there is not any sum due to the plaintiff. Here we have a proposition that under section 46, by its force, a defendant cannot except to the jurisdiction of the court without filing that affidavit. In *Citizen's Bank* v. *Burdett*, (S. E. 53), 61 W. Va. 636, we said that those affidavits, bearing on the amount due, accompanied pleas in bar of the merits of the case. By a plea in abatement, denying the jurisdiction of the court, the defendant asserts that no judgment can be rendered against him, no matter what amount is due, though ever so uncontestable. The affidavits bear upon the amount, presupposing the court to have jurisdiction to render judgment; but a plea in abatement going to the jurisdiction of the court denies the power of the court to render any judgment of recovery. In the bank case cited we held that a demurrer to a declaration goes to the law of the declaration, and has no relation to the facts of the amount due. So, I ask what has a plea in abatement, asserting no jurisdiction of the case, to do with the merits as to the amount due? Nothing. The plea could not be excluded for the want of such affidavit by the defendant.

Another reason given for the claim that the court should have rejected the plea in abatement is, that it failed to state that the cause of action did not arise in Taylor county. That plea said that before and at the commencement of the action and thence hitherto the defendant was a resident of the county of Wetzel, and not of Taylor county, and that she was not served with process in the action in Taylor county, but

was found and served with process in said action in said county of Wetzel. The summons issued from the circuit court of Taylor county, and was directed to the sheriff of Wetzel, against a single defendant. The Code, in chapter 123, section 1, gives jurisdiction for an action in the county in which any of the defendants may reside, and section 2 says that it may be brought in any county wherein the cause of action, or any part thereof, arose, though none of the defendants may reside therein. This gives jurisdiction in either of those counties. Counsel says that the plea should have denied that the cause of action arose in Taylor county, and as we understand, counsel would thus assert that if the cause of action had arisen in that county, there would be jurisdiction there and the writ could be sent to any county; but that is not so. The Code, chapter 124, section 2, says that process may be directed to any county, but makes a notable exception, and that is, that if the action is brought under section 2 of chapter 123, the process shall not be directed to any other county than that wherein the action is brought, thus saying that if the only ground of jurisdiction in a county is that the cause of action arose there, the process must be directed to the sheriff of that county and served in that county. Say that the plea had averred that the cause of action did not originate in Taylor county, it would thus deprive Taylor county of jurisdiction under that head, and it could not have jurisdiction on account of the defendant's residence there, for the plea, standing without replication, and stating that the defendant resided in Wetzel county, would deny jurisdiction on the basis of residence in Taylor county. So there can be no objection to that plea on the theory that it failed to state that the cause of action did not arise in Taylor county. We are cited some authority to the effect that a plea in abatement must give a defendant a better writ. This plea did so. . It gave the defendant's residence in Wetzel county. Shall we require a plea also to state where the cause of action arose? We think not. But it is not always the case that such plea must give a better writ as is explained in *Warren* v. *Saunders*, 27 Grat. p. 265. We think the plea was good. If the writ had been directed to Taylor county's sheriff, an averment that the cause of action, or any part thereof, did not arise there, would have been essential, because the law gives

jurisdiction in such a case as this in either the county of residence or the county of the cause of action, and the plea should negative both. I have some doubt whether this plea should not incorporate a demand of oyer in its opening, and then put its averment. Technically I think so. Form 203 in 4 Minor. Oyer is a demand to have read what is not a part of the record, and thus present it, and thus enable one to plead. Stephen on Plead, 88. The rule book should show oyer and then the plea in abatement. But this is technical, as the record shows both plea and oyer, and they go together. Besides, the motion to quash is enough. The court must have quashed the writ according to the *Warren-Saunders Case*, as below shown. But suppose the plea was bad. Then we have the defendant's motion to quash the writ. As held in *Warren* v. *Saunders*, cited, the plea is not essential. There was no replication to it. It stood for true and constituted a bar to the suit, because it showed a want of jurisdiction. But, as I have said, the motion to quash would end the suit for want of jurisdiction. For the reason that the statute says that where a writ issues in one county against a single defendant it cannot be directed to another county; in other words the statute means that it shall be directed to and served in the county of action. This is pointedly held in *Warren* v. *Saunders*, above cited. Therefore, the motion to quash the writ was properly sustained.

It is asserted that it was error to grant oyer of the writ and its return. The original writ is not a part of the record, except in judgments by default. *Wainright* v. *Harper*, 3 Leigh 270; 4 Minor's Inst. 940; Barton's Law Prac., 335. And to make it a part of the record oyer may be resorted to. *Snyder* v. *Philadelphia Co.*, 54 W. Va. 149, 151; Hogg's Plead. & Forms, 166. It is a proper way to make it a part of the record.

For these reasons we affirm the judgment.

*Affirmed.*