## CHARLESTON

MELLON & SONS v. GRAFTON GAS AND ELECTRIC LIGHT COM-
PANY et als.

Submitted June 10, 1912. Decided January 21, 1913.

1. BILLS AND NOTES—Action—Declaration—Debt.
   The declaration in debt in four counts, is good and the court below erred in sustaining the demurrer of two of the defendants thereto. (p. 650).

2. JUDGMENT—Office Judgment—Vacation—Plea to Issue—Demurrer—Default.
   A demurrer is not a plea to issue which will set aside an office judgment entered at rules; and, where no writ of inquiry is required, if a plea to issue be not filed before the office judgment becomes final at the close of the succeeding term it is then too late to receive such plea, and judgment for the debt sued for should be entered. (p. 650).

Error to Circuit Court, Taylor County.

Action by Mellon & Sons against the Grafton Gas & Electric Light Company and others. Judgment for defendants, and plaintiff brings error.

*Reversed and Remanded.*

*Neely & Lively* and *B. F. Bailey,* for plaintiff in error.

MILLER, JUDGE:

In debt, on a declaration in four counts, plaintiffs have impleaded the defendant company and John T. McGraw and Charles R. Durbin. With their declaration filed at December rules, 1911, the return day of the writ, plaintiffs also filed the statutory affidavit of the amount due, and the conditional judgment then entered, was, at the January rules, 1912, confirmed. No appearance was ever made by the defendant company, and there was no appearance at rules by either of the other defendants. But at the following term of the court, held January 31, 1912, defendants McGraw and Durbin did appear and without any plea to issue, with counter affidavit, demurred to the declaration and each count thereof, in which demurrer plaintiffs joined; and at a subsequent day of the same term,

to-wit February 8, 1912, their demurrer was sustained; and plaintiffs declining leave to amend, the suit was dismissed as to demurrants, but judgment was entered in court in favor of plaintiffs against the defendant company, according to the affidavit filed, for $10,324.82, and the case is here on a writ of error by plaintiffs to that judgment.

Plaintiffs gave notice of reliance on their petition assigning error, and filed no other brief. No appearance was entered here for the demurring defendants, evidently for the reason that they had no expectation of prevailing here on their demurrer.

The only error assigned is the sustaining of the demurrer of McGraw and Durbin, and dismissing the action as to them. In this the court below plainly erred, and the judgment must be reversed. The note sued on and described in each count of the declaration, is a note for ten thousand dollars, dated Grafton, April 15, 1911, payable thirty days after date to the order of "ourselves" at "The Grafton Bank, Grafton, W. Va.", signed "Grafton Gas and Electric Light Co.," and endorsed on the back in order, "Grafton Gas & Electric Light Co., Jno. T. McGraw, C. R. Durbin, Grafton Gas & Electric Light Co."

The several counts are in the usual form of a declaration in debt, varying in terms to meet questions likely to arise on the trial, as, whether the defendant company was sole maker, and the defendants McGraw and Durbin simply indorsers; or whether all were joint makers and indorsers; or whether all or the defendant company alone should be treated as the immediate indorsers to plaintiffs of the note sued on. The declaration on either phase of the case presented by the several counts is clearly good. No new or novel question is presented and the demurrer should have been overruled.

The question remains, what judgment should be entered here? The general rule is to enter such judgment as the court below should have entered. At the time the judgment complained of was pronounced that judgment should have been that the demurrer to the declaration and each count be overruled, with leave to demurrants to plead to issue, if done before the office judgment entered at rules became final at the close of that term of the court. Construing our present statute, section 46,

chapter 125, Code 1906, we have decided that a demurrer is not a plea to issue, setting aside an office judgment, and that where no writ of inquiry is required, unless plea to issue be filed before the office judgment becomes final, it is then too late to receive such plea, and there is nothing left for the court to do at a subsequent term except to pronounce judgment for the debt sued for. *Bank* v. *Burdette,* 61 W. Va. 636, and cases cited; *Netter-Oppenheimer & Co.* v. *Elfant,* 63 W. Va. 99, 59 S. E. 892; *Hansford* v. *Snyder,* 63 W. Va. 198; *Varney & Evans* v. *Lumber Co.,* 64 W. Va. 417.

Our judgment, therefore, will be that the judgment below be reversed, the demurrer of the defendants McGraw and Durbin to the declaration and to each count thereof be overruled, and that the case be remanded to the circuit court for further proceedings to be had therein according to the principles enunciated and directions given herein, and further according to rules governing courts of law.

*Reversed and Remanded.*