# CHARLESTON.

M. H. WALDRON *et al.* v. TARNEY COLLIERIES COMPANY *et al.*

(No. 5630.)

Submitted May 4, 1926.    Decided May 11, 1926.

1. PLEADING—*In Action of Assumpsit, Where Affidavit is Filed With Declaration Under Statute, and Plea, Though Not Accompanied by Counter Affidavit, is Filed Without Objection, and Case Proceeds to Trial, Statutory Requirement of Counter Affidavit Will be Treated as Waived (Code, c. 125, § 46).*

   Where in an action of assumpsit an affidavit is filed with the declaration under the provisions of Ch. 125, § 46, Code, and a plea, though not accompanied by a counter-affidavit, is filed without objection, and the case proceeds to trial, the provisions of the statute requiring such counter-affidavit will be treated as having been waived.    (p. 599.)

   (Pleading, 31 Cyc. p. 732.)

2. PRINCIPAL AND SURETY—*Meaning of Written Language in Contract of Surety is to be Ascertained by Same Rules of Law as Where it Appears in Other Agreements.*

   Written language has the same significance and its meaning is to be ascertained by the same rules of law where it is found in the contracts of a surety as where it appears in other agreements.    (p. 599.)

   (Principal and Surety, 32 Cyc. p. 71.)

3. SAME—*Surety is Not Bound Beyond Strict Terms of Engagement and His Liability Cannot be Extended by Implication or Construction Beyond True Meaning Expressed by Contract.*

   A surety is favored by the law. He is not bound beyond the strict terms of the engagement, and his liability cannot

be extended by implication or construction beyond the true meaning expressed by the contract.  (p. 602.)

HATCHER, JUDGE, absent.

(Principal and Surety, 32 Cyc. p. 73.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, McDowell County.

Assumpsit on bond by M. H. Waldron and others against the Tarney Collieries Company and others.  Judgment against the named defendant only, and judgment sustaining a demurrer by certain defendants to the declaration, and plaintiffs bring error.

*Affirmed.*

*Strother, Sale, Curd & Tucker,* for plaintiffs in error.

*Harman & Harman,* for defendants in error James A. Henchey, James P. Flanagan, and Geo. W. Lambert.

WOODS, JUDGE:

This was an action of assumpsit, instituted in the circuit court of McDowell county, on a bond against the Tarney Collieries Company, a corporation, Jas. P. Flanagan, James A. Henchey and Geo. W. Lambert, for the recovery of $5,000.00 damages on account of the breach of the conditions and agreements contained in said bond executed by the defendants, payable to the plaintiffs in the penalty of $5,000.00, and dated January 19, 1923. The declaration was filed at January Rules, 1925, and the case was tried on June 22, 1925. The declaration set out the bond in its entirety, and as alleged in the declaration, there was pending in the circuit court of Mingo county, at the time the bond was executed, a chancery cause in which the plaintiffs herein were likewise plaintiffs in that suit, and the defendants herein were likewise defendants in that suit. The declaration then set out in full the decree entered in said cause in Mingo county, which showed that there was decreed in favor of the plaintiffs, in said cause, against the Tarney Collieries Company the sum of $800.00. Certified copies of both the bond and the decree were filed as a part of the declaration. The declaration further alleges that

after the decree had been entered in said chancery cause, an execution was issued which was returned "No property found", and avers that by reason of that part of said injunction bond in which the defendants undertook to guarantee the performance of said decree, it was the duty of said defendants to pay the plaintiffs the amount of the judgment, interest and costs awarded the plaintiffs in said chancery cause amounting to the sum of $992.50. With this declaration the plaintiffs, as required by statute, filed an affidavit stating that the defendants were indebted to the plaintiffs in the sum of $984.50, on account of the demands stated in the declaration after allowing all credits to which the defendants were entitled. The defendants filed no counter affidavit as prescribed by statute.

The demurrer to the declaration was overruled before the trial. The plaintiff introduced evidence after the issue had been made up based solely on the decree in the chancery suit. The defendants did not introduce any evidence and the court instructed the jury to find for the plaintiffs. The amount found by the jury was $992.50, which was the exact aggregate amount of the decree in said cause entered in the circuit court of Mingo county, including the costs and interest thereon to the date of the verdict. The defendants moved the court to set aside said verdict, which the court at a later day of the term set aside as to all of the defendants except the Tarney Collieries Company, entering judgment on the verdict against it. Thereupon the defendants (sureties on the bond) again demurred to the declaration, which demurrer the court sustained. The plaintiffs come here on a writ or error to these judgments.

The ruling is sought to be upheld by the surety defendants upon the following grounds: (1) That the affidavit filed in compliance with Ch. 125, §46, Code, is insufficient; (2) that the failure of the defendants to file a counter-affidavit was waived; (3) that the declaration fails to state a legal demand against the surety defendants; (4) that the evidence also fails to show a breach of the undertaking upon the part of the surety defendants, and which is the foundation for plaintiffs' action, and hence the verdict of the jury was without evidence

to support it. These assignments will be taken up in their order.

It is urged that the affidavit was not made by the plaintiffs or either of them. This is true, but it appears that it was made by one acting under the authority of plaintiffs as their agent. This is sufficient. Another objection is that there is a clerical error in stating the sum which the plaintiffs were entitled to recover. The affidavit states "that there is, as he (affiant) verily believes, due and unpaid to the plaintiffs from the defendants upon the demand stated in the declaration, including principal and interest, after deducting all payments, credits, and sets-off made by the defendants, and to which the plaintiffs are entitled, the sum of $984.50." The words "and to which the plaintiffs are entitled" are clearly a misprision. The clause in its setting may be treated as relating to that part of the affidavit defining the plaintiffs' recovery and not to the defendants' sets-off. The affidavit substantially complies with the requirements of the statute. *Cook* v. *Continental Casualty Co.,* 82 W. Va. 250.

There was no counter-affidavit. However, the plaintiffs proceeded to trial in the absence thereof. Where a plea, though not accompanied by an affidavit, is filed without objection, and the case proceeds to trial, as was done in the instant case, the provisions of the statute requiring such affidavit, will be treated as having been waived. *Williamson & Co.* v. *Knight,* 58 W. Va. 620.

We are now met with the crucial question in the case. The third and fourth grounds on demurrer to the declaration turns upon the interpretation of the bond, which is the basis of the action. Written language has the same significance and its meaning is to be ascertained by the same rules of law where it is found in the contract of a surety as where it appears in other agreements. *Bonding Co.* v. *Investment Co.,* 150 Fed. 17. The purpose of every agreement is to record the intention of the parties. The object of all construction is to ascertain that intention from the writing and to enforce it. The courts should so far as possible put itself in the place of the parties when their minds met upon the terms of the agreement, and then from a consideration of the writing itself, of its purpose

and of the circumstances which conditioned its making, and endeavor to ascertain what they intended to do, upon what sense and meaning of the terms they used their minds actually met. That intention must be deduced, not from specific provisions or fragmentary parts of the instrument, but from the entire agreement. The intention of the parties when manifest, must control and be enforced without regard to inapt expressions and technical rules of interpretation. *Witt* v. *Ry. Co.,* 28 Minn. 122; *Driscoll* v. *Green,* 59 N. H. 101; *Walsh* v. *Hill,* 38 Cal. 481. Keeping in mind the foregoing cardinal rules of construction, we will consider so much of the bond as fairly sets forth the conditions over which the parties differ. Such portion is as follows:

"And the said defendants desiring to resume operations of mining and removing the coal from said premises and leasehold, pending said injunction, and the said plaintiffs being willing to permit the resumption of mining and removing said coal therefrom, upon receiving proper indemnity against all damages, loss and injury that they may sustain by reason of the resumption of mining and removing coal from the premises.

"Now, Therefore, the said plaintiffs do hereby consent to the further mining and removal of the said coal from the said premises, pending the said suit and injunction and the said Tarney Collieries Company as principal, and Jas. P. Flanagan, Jas. A. Henchey, and George W. Lambert as sureties, hereby agree to indemnify and save harmless the said M. H. Waldron and E. H. Waldron from any damages resulting to them from the mining and removal of any and all coal in consequence of the further operations of the said coal mine upon the said premises, and to carry out and perform any decree that may be rendered in the said cause in favor of the said M. H. Waldron and E. H. Waldron, or either of them; and the injunction bond given to carry the said injunction into effect is hereby rescinded and annulled and is of no further force or effect; and if the said Tarney Collieries Company, as principal, shall indemnify and save harmless the said M. H. Waldron and

> E. H. Waldron in consequence of the further
> mining and shipping of coal from the said prem-
> ises, then this obligation to be void, otherwise to
> remain in full force and effect.''

Reading the foregoing quotation as a whole it seems plain
that the bond was intended to cover damages sustained by the
plaintiffs, by reason of the resumption of mining and removal
of coal from the leased premises. The plaintiffs based their
suit on the theory that the obligation was ''to carry out and
perform any decree that may be rendered in said cause in
favor of the said M. H. Waldron and E. H. Waldron, or
either of them''. It seems clear that this provision of the
bond was meant and intended to refer to a decree of the court
in the chancery cause, fixing damages sustained by the plain-
tiffs by reason of the further mining and removal of the coal.
The defendants had been enjoined from such mining and
removal of the coal. The bond merely afforded the defendants
an opportunity to resume the work stayed by the injunction.
The bill of complaint sought to cancel the lease under which
the defendants were mining the coal. It sought also to collect
past due royalties. The decretal judgment referred to therein,
by which the surety defendants agreed to carry out and per-
form, meant a judgment on account of damages sustained by
the plaintiffs, by reason of the resumption of mining and
removal of coal from the leased premises. The concluding
words of the bond: ''And if the said Tarney Collieries Com-
pany, as principal, shall indemnify and save harmless the
said M. H. Waldron and E. H. Waldron *in consequence of the
further mining and shipping of coal* from the premises, then
this obligation to be void, otherwise to remain in full force
and effect,'' will justify no other construction. The decree on
its face shows that it was for ''royalties due and payable to
the plaintiffs under and by virtue of the lease''. It may have
been for coal mined by the principal in the bond before the
execution thereof, and if so, the sureties in this case would
not be answerable under their obligation. According to the
construction we have placed upon the bond the declaration
therefore failed to state a legal demand and to allege a breach

of the agreement entered into by the surety defendants. It is well settled that a surety is favored by the law. He is not bound beyond the strict terms of the engagement, and his liability cannot be extended by implication or construction beyond the true meaning expressed by the contract. He may plant himself upon the technical objection, *non haec in foedera veni*—this is not my contract. *Post* v. *Losey,* 111 Ind. 75; 21 R. C. L. 975; *Staves* v. *Lock,* 22 Ore. 519; *Salem* v. *McClintock,* (Ind.) 59 A. S. R. 330; *Realty Co.* v. *Surety Co.* (Utah) 211 Pac. 998; *Bonding Co.* v. *Investment Co.,* 150 Fed. 17. The proof adduced on the trial likewise fails to show a breach of the undertaking upon the part of the surety defendants.

For the reasons stated we are of opinion that the court properly sustained the demurrer of the surety defendants with leave to the plaintiffs to amend their declaration if they so desire. The judgments appealed from must be affirmed.

*Affirmed.*