# CHARLESTON.

JAMES I. PANCAKE *et al.* v. JOHN Y. HITE *et al.,* PARTNERS, *Etc.,* AS HITE LUMBER COMPANY

(No. 6061)

Submitted March 13, 1928. Decided March 20, 1928.

CONTINUANCE—PLEADING—*Declaration May be Amended at Trial to Make it Correspond to Proof; Amendment of Declaration at Trial to Make it Correspond to Proof Does Not Require Continuance, Except on Showing of Necessity to Enable defendant to make defense; in Assumpsit on Contract, Permitting Amendment at Trial of Declaration Setting Out Contract in Haec Verba Held Not to Require Continuance (Code, c. 131 § 8).*

A declaration may be amended at the trial of the action, to make the allegation correspond to the proof offered, if sub-

stantial justice will be thereby promoted, and such amend-
ment does not entitle the defendant to a continuance, unless
he shows to the satisfaction of the court that a continuance
is necessary to enable him to make his defense. *Adams* v.
*Adams,* 79 W. Va. 546.

(Continuances, 13 C. J. § 102; Pleading, 31 Cyc. p. 448.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

HATCHER, JUDGE, absent.

Error to Circuit Court, Hampshire County.

Assumpsit by James I. Pancake and others against John Y.
Hite and others, partners, as the Hite Lumber Company.
Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*Robert White* and *W. H. Conaway,* for plaintiffs in error.
*McCauley, Zimmerman & McCauley,* for defendant in
error.

LIVELY, JUDGE:

This is an action of assumpsit by James I. Pancake, et al.,
against John Y. Hite and E. B. Gribble, partners trading as
the John Y. Hite Lumber Company, to recover the sale price
of certain chestnut timber that would make telephone and
telegraph poles, on the plaintiff's land in Hardy County,
West Virginia. This writ was awarded to a judgment entered
on a $2,400.00 verdict in plaintiffs' favor.

The plaintiffs in error have filed no brief and have made no
appearance in this Court. In taking up the assignments of
error in the petition for this writ we cannot pass upon those
assignments depending upon the evidence and the instruc-
tions based thereon, because there was no bill of exceptions
making the evidence a part of the record. *McKenzie* v. *Mc-
Kall,* 85 W. Va. 31; *Coal Co.* v. *Cecil,* 94 W. Va. 121; *Guy-
andotte Coal Company* v. *Electric and Machinery Works,* 94
W. Va. 300; *Moorefield* v. *Lewis,* 96 W. Va. 112. The assign-
ments of error which we can consider are those relating to
the pleadings, and to the motion for a continuance made upon
the allowance of an amendment to the plaintiffs' declaration
during the course of the trial.

The first ground of alleged error is the court's refusal to sustain the motion to quash the summons and return. This motion was general in its nature, no specific reasons being assigned therein. Moreover, it is well settled by our decisions that in actions at law, except in judgments by default, the writ is not a part of the record. *Lambert* v. *Ensign Mfg. Co.,* 42 W. Va. 813; *Netter-Oppenheimer & Co.* v. *Elfant,* 63 W. Va. 99; *State* v. *Jarrell,* 76 W. Va. 263. It would have been proper to have craved oyer of the writ and thus made it a part of the record. *Netter-Oppenheimer & Co.* v. *Elfant, supra.* This the defendants failed to do. The writ not being a part of the record, this assignment fails.

It is further contended that the court erred in overruling the demurrer to the plaintiffs' declaration and to each count thereof. No specific grounds of demurrer were pointed out. We are not disposed to dwell at length upon this assignment. The first count in the declaration based a recovery upon the common counts; the second was a special count in assumpsit. The latter sufficiently averred the defendants' promise and a legal consideration therefor, the readiness of the plaintiffs to perform their part of the contract, the demand upon defendants and the breach of their obligation, with resultant damages. *Stopper Co.* v. *McGara,* 66 W. Va. 403; Burks on Pleadings and Practice, sec. 88. The defendants were fully informed of the case they were called upon to meet, and their demurrer to the declaration and each count thereof was properly overruled.

The third and most important question presented upon this writ is that raised by the defendants' third and fourth assignments of error, namely, that the court erred in permitting the plaintiffs to amend their declaration during the trial of the case and in refusing to grant the defendants a continuance upon the allowance of the amendment. The contract offered in evidence upon the trial was as follows:

"ROMNEY, WEST VIRGINIA,
        October 7, 1922.
        We, the John Y. Hite Lumber Com-
    pany this day bought of Joe S. and James
    I. Pancake all the chestnut that will

make telephone and telegraph poles that
are on the tract of land owned by the
said Pancakes on Saw Mill Mountain,
Hardy County, West Virginia, for the
sum of Twenty Four Hundred ($2400.00)
Dollars, to be paid in three or four
days from the above date.

It is understood that they are to
have two years from the above date to
remove the chestnut poles.

Joe S. Pancake
James I. Pancake
John Y. Hite Lumber Company."

The contract as set out *in haec verba* in the original declara-
tion failed to include in the first and second lines, the words
"Romney, West Virginia, October 7, 1922," and in the sixth
line, "and telegraph." When the variance between the plead-
ing and proof became apparent, the court over the objection
of the defendants allowed the declaration to be amended so
as to include the omitted words and figures. The declaration
contained an allegation that the contract had been entered
into on October 7, 1922, and also that the purchase included
all chestnut timber sufficiently large to make telephone and
telegraph poles. We are of the opinion that as the basis of
the cause of action was sufficiently identified and stated, the
amendment was unnecessary. But, in any event, we are
unable to see that the defendants were prejudiced by the
amendment and the refusal to grant a continuance. There
was no material variance between the averments of the dec-
laration and the evidence offered in support thereof. An
effort was simply made to furnish more definite information
as to the contract contained therein. The defendants were not
required to change in any way their theory of defense. Sec.
8, chap. 131, of the Code provides that: "If at the trial of an
action there appears to be a variance between the evidence
and the allegations or recitals, the court may, if in its opinion
substantial justice will be promoted thereby, allow the plead-
ings to be amended, and if it be made to appear that a con-
tinuance of the cause is hereby rendered necessary, such con-
tinuance shall be granted at the costs of the party making the
amendment." And in *Adams* v. *Adams,* 79 W. Va. 546, this

Court said: "A declaration may be amended at the trial of the action, to make the allegation correspond to the proof offered, if substantial justice will be thereby promoted, and such amendment does not entitle the defendant to a continuance, unless he shows to the satisfaction of the court that a continuance is necessary to enable him to make his defense." Nothing appears in this case which would satisfy the trial court that a continuance was necessary for a complete defense. The motion was general, based on the fact of amendment alone.

The last assignment of error is that there was no plea to or issue made upon the declaration as amended. The original declaration being sufficient and the amendment being perfunctory, we can see no necessity for making a new issue under the amendment. Defendants' rights were in no way prejudiced.

The judgment of the trial court will be affirmed.

*Affirmed.*