C. E. LAWHEAD, *Receiver*, *v*. DODDRIDGE COUNTY BANK *et al.*

(No. 8571)

Submitted September 28, 1937. Decided November 30, 1937.

*L. A. Henderson* and *S. A. Powell,* for plaintiff in error.

*Stathers, Stathers & Cantrall, Frederick W. Ford, Mary Frances Brown* and *George W. Bland,* for defendants in error.

MAXWELL, JUDGE:

This is an action on a bond to secure deposits in a bank. To an adverse judgment, the plaintiff prosecutes error.

The bond, in the penalty of $100,000.00, dated June 30, 1930, was executed by Doddridge County Bank, principal, J. G. Charter, J. F. Maxwell, W. D. Gribble, Eli Nutter and L. R. Charter, Jr., sureties, payable "unto C. E. Lawhead, receiver." The condition of the bond is that "if the above bound The Doddridge County Bank, shall promptly pay, whenever required by him any money, or part thereof, heretofore deposited or that may be deposited with such The Doddridge County Bank, by said C. E. Lawhead, receiver, together with any interest thereon, then the above obligation to be void, otherwise to remain in full force and virtue."

J. F. Maxwell was not served with notice of the proceedings, and is not before the court.

In his notice of motion for judgment, Lawhead moves in his capacity as receiver for each of five insolvent state banking institutions, and sets forth in his notice the amount to his credit as receiver of each of said institutions on deposit in the defendant bank at the time it was closed July 3, 1933, on authority of the state banking commissioner. The aggregate of these deposits, according to averment of the notice, is $57,272.37, and that is the amount demanded.

When the bond was executed, Lawhead had not become receiver for any of the institutions a portion of whose funds he asserts that he later deposited in the Doddridge County Bank, and on account of which deposits this suit is prosecuted. His appointment to the five receiverships herein involved was made within the period from December 31, 1930, to December 16, 1931.

The main point urged on behalf of the four sureties who were served with process is that the bond cannot be interpreted to include receiverships which were not in existence at the time of its execution. Reliance is placed on the proposition that a surety's obligation cannot be extended to other subjects, persons or periods of time than those ·expressed or necessarily included in his contract. We recognize, of course, that a surety is not bound beyond the strict terms or necessary intendment of his engagement. *Waldron* v. *Collieries Co.*, 101 W. Va. 596, 133 S. E. 318. But the affirmative converse is necessarily equally true, namely, a surety is bound within the terms and meaning of his contract, and, in determining the meaning, reference must be had to the language employed in the contract and to the attending circumstances —a basic rule of construction applicable to all contracts.

By the terms of the obligation at bar, existing and future deposits of Lawhead, receiver, were to be protected by the bond. The use of the word "receiver" following Lawhead's name is unimportant. It merely identified the person—*descriptio personae*. Inasmuch as the sureties by signing the bond gave assurance to Lawhead that any deposits he had made or might make in the bank

would be secure, it could not possibly occasion any difference to them in what capacity he might act in making deposits. The gravamen of the undertaking was the protection of money or its equivalent which Lawhead entrusted to the bank. The role in which he had acted or should thereafter act in bringing money—deposits—to the bank, was of purely secondary importance.

The bond was not a mere temporary thing. It was to remain in existence for an indefinite period. A depository bond is a continuing obligation "upon which the sureties will continue to be liable for default so long as the bank, their principal, is continuing to receive the deposits of the obligee, unless they shall take steps to terminate their liability." *Holmes* v. *Elder*, 170 Tenn. 257, 94 S. W. (2d) 390, 394, 104 A. L. R. 1282.

By special pleas the contesting sureties raised the above considered question of the sufficiency of the bond to sustain this action. The demurrer to the pleas should have been sustained for the reasons stated, and not for the reasons which the record discloses. The ground on which the pleas were held insufficient was that the defendants so pleading had filed no counter affidavit to the affidavit which accompanied the plaintiff's notice of motion for judgment. This reason for rejecting the pleas was not well founded. Under the statute, Code, 56-2-6, where a proper affidavit accompanies a notice of motion for judgment, "no plea shall be filed in the case" unless a counter affidavit be filed. There is a similar procedure prescribed for common law actions for money arising out of contract. Code, 56-4-51. It is therein provided that if a sufficient affidavit be filed with the declaration "no plea shall be filed in the case either at rules or in court" unless there be a counter affidavit. This provision of statute has been interpreted to apply only to pleas in bar, and not to demurrers (*Bank* v. *Burdette*, 61 W. Va. 636, 57 S. E. 53), nor to pleas in abatement (*Netter-Oppenheimer & Co.* v. *Elfant*, 63 W. Va. 99, 59 S. E. 892). The same reasoning and the same conclusion pertain with equal force to the notice-of-motion procedure.

Following the trial court's rejection of the special pleas, there was permitted to be filed an affidavit of one of the

defending sureties in support of a motion to dismiss the case because of misjoinder of parties plaintiff. This motion the court sustained. That procedure was irregular. Under our present practice all challenges of the sufficiency of pleadings should be by demurrer. "The sufficiency of any pleading, in law or equity, may be tested by a demurrer. Objections to the filing of any pleading, because of insufficiency, are abolished." Code, 56-4-36.

It follows that the judgment of the trial court must be reversed and the case remanded for further proceedings in consonance herewith.

*Reversed and remanded.*